**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL A. TAYLOR, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:19-cv-02485 |
| BROWN & JOSEPH, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes MICHAEL A. TAYLOR ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BROWN & JOSEPH, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in DuPage County, Illinois, which lies within the Northern District of Illinois, and a substantial portion of the events that gave rise to Plaintiff's claims occurred in the Northern District of Illinois.

### PARTIES

1

4.   Plaintiff is a consumer over-the-age of 18 and a natural "person," as defined by 47 U.S.C. §153(39).

5.   Defendant promotes that its "debt recovery solutions have raised the bar in collection industry standards[.]"[1] Defendant is in the business of collecting consumer debts for others with its principal place of business located at One Pierce Place, Suite 1225W, Itasca, Illinois 60143.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.   Several months ago, Plaintiff obtained automobile and renter's insurance from The Hartford Financial Services Group ("Hartford").

9.   Due to financial hardship, Plaintiff fell behind on his scheduled payments to Hartford, thus incurring debt ("subject debt").

10. Thereafter, Plaintiff retained the services of an attorney to file for bankruptcy.

11. Plaintiff demanded that Hartford cease contacting him and provided it with his bankruptcy counsel's contact information.

12. At that point, Hartford stopped sending periodic billing statements to Plaintiff.

13. Upon information and belief, Hartford waived any right to add any additional charges to the subject debt and is only collecting upon the static principal balance of $324.42.

14. Thereafter, Hartford turned over the subject debt to Defendant for collection.

---

[1] https://brownandjoseph.com/about/

15. On March 9, 2019, Defendant mailed or caused to be mailed to Plaintiff a collection letter via U.S. Mail in an attempt to collect upon the subject debt in the amount of $324.42.

16. Defendant's March 9, 2019 collection letter contains the following itemizations:

```
Assign Amount:          $324.42
Fee & Other Amount:     $0.00
Total Amount:           $324.42
```

17.  Plaintiff was deceptively led to believe that Defendant had the lawful ability to collect fees and other amounts through the inclusion of the above-referenced items, when such right was waived by Hartford; when no such right existed in the underlying contract; and/or when Defendant did not intend to collect fees and other amounts.

18.  Accordingly, Plaintiff spoke with Sulaiman regarding the correspondence, resulting in pecuniary loss and expenditure of resources.

19.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed

or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2018.[2]

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA §1692c

25. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney…"

26. Defendant violated c(a)(2) when it mailed a collection letter to Plaintiff, despite having knowledge that Plaintiff was represented by an attorney.

### b. Violations of 15 U.S.C § 1692e

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

29. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by falsely representing in its collection correspondence that it had the ability to add fees and other amounts to the subject debt.

---

[2] https://www.acainternational.org/search#memberdirectory

The inclusion of the above-referenced line items misleadingly suggests to consumers the false possibility that Defendant could collect an amount that would be above and beyond that which was outlined as the total due on the collection letter. Upon information and belief, Hartford waived any right to collect others costs above and beyond the principal amount of $324.42, and Hartford stopped sending periodic billing statements. Thereafter, Defendant began collecting upon the static subject debt and mailed its collection letter to Plaintiff with an amount due of $324.42. Accordingly, it is evident that Hartford and its successors waived the right and ability to add fees and other amounts.

30. In addition, not only were these "other amount[s]" not part of the underlying agreement between Plaintiff and Hartford, but Defendant also did not intend to collect fees and other amounts. § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* add such fees and other amounts. Defendant intentionally chose to utilize this language in order to impute a certain amount of fear in consumers that, if they failed to address the subject debt with Defendant, then a debt collector may add fees and other amounts – even though such fees and other amounts were not lawfully collectible. Defendant used its deceptive language in an attempt to unduly persuade Plaintiff to address the subject debt with Defendant, lest he be subjected to fees and other amounts by a debt collector.

### c. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

33. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in its collection letter. Because Defendant was precluded from adding anything to the balance of the subject debt, the above referenced portions of the collection letter violate the FDCPA.

WHEREFORE, Plaintiff, MICHAEL A. TAYLOR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 12, 2019                              Respectfully submitted,

s/ Nathan C. Volheim                               s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                   Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                            *Counsel for Plaintiff*
Admitted in the Northern District of Illinois      Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                            Lombard, Illinois 60148
(630) 568-3056 (phone)                             (630) 581-5858 (phone)
(630) 575-8188 (fax)                               (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                           thatz@sulaimanlaw.com